UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDDIE LAMONT VIRGIL,

                Petitioner,

v.                                        Case No. 23-cv-0824-bhl

LISA M AVILA,

                Respondent.

## ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

On June 21, 2023, Eddie Lamont Virgil filed a petition for writ of habeas corpus, asserting five grounds for relief. (ECF No. 1.) Virgil's first four grounds allege that his trial counsel was constitutionally ineffective in various ways. (*Id.* at 6–9.) His fifth ground asserts that the jury's guilty verdict was based on insufficient evidence in violation of Virgil's due process rights. (*Id.* at 10.) The Court screened the petition on July 5, 2023 and ordered Respondent to file a response or dispositive motion. (ECF No. 9.) Respondent filed a response on August 8, 2023 followed by a motion for judgment on the pleadings on September 26, 2023. (ECF Nos. 13 & 18.) In its motion, Respondent argues that Virgil's first four grounds fail because they are barred by procedural default. (ECF No. 19.) While Virgil's ineffective assistance claims may not ultimately succeed on the merits, the Court concludes they are not procedurally defaulted and Respondent's motion will therefore be denied.

### BACKGROUND

On November 21, 2018, a jury convicted Virgil of felony stalking, five counts of felony bail jumping, and five misdemeanor counts of knowingly violating a domestic abuse order. (ECF No. 13-1.) He was sentenced to six years of initial confinement followed by eight years of extended supervision. (*Id.* at 5.)

Following his conviction, Virgil filed a *pro se* motion for postconviction relief, alleging that his trial counsel was ineffective in multiple respects. (ECF No. 13-3 at 4.) He also argued that there was insufficient evidence to support his conviction and that the trial court erred by

allowing the jury to view several exhibits during deliberations. (*Id.*) The postconviction court denied Virgil's motion without a hearing, and Virgil appealed. (*Id.*)

On February 1, 2022, the Wisconsin Court of Appeals summarily affirmed both Virgil's convictions and the circuit's order denying his request for postconviction relief. (*Id.* at 1–10.) On appeal, Virgil alleged that his trial counsel was ineffective for failing to object to (1) a stipulation in which Virgil waived his trial rights on certain elements of the bail jumping offenses; (2) an improper jury instruction; (3) certain hearsay testimony; and (4) the introduction of two trial exhibits. (*Id.* at 4.) The court of appeals rejected each claim, concluding that Virgil's counsel was not deficient under the constitutional standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). (*Id.* at 5–8.) The court also rejected Virgil's claims that the trial court erred and the evidence at trial was insufficient to convict him of bail jumping. (*Id.* at 9–10.) Virgil petitioned the Wisconsin Supreme Court for review on March 7, 2022, and review was denied on June 22, 2022. (ECF No. 13-4 at 1, 169.) This habeas petition followed.

## ANALYSIS

Respondent seeks judgment on the pleadings on Virgil's first four grounds for habeas relief, all of which rest upon allegations of ineffective assistance of counsel. (ECF No. 19 at 1; *see also* ECF No. 1 at 6–9.) Respondent contends that all four ineffective assistance grounds are procedurally defaulted because the Wisconsin Court of Appeals denied them on an adequate and independent state ground.[1] (ECF No. 19 at 2–6.) Virgil responds with myriad assertions, many of them irrelevant to Respondent's arguments. (*See* ECF Nos. 24, 27, 28, 30.) Because the record confirms that the state court of appeals did not clearly and expressly rely on an independent and adequate state ground when it denied Virgil's claims for ineffective assistance of counsel, his claims are not procedurally defaulted, and Respondent's motion must be denied.

"[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Whyte v. Winkleski*, 34 F.4th 617, 623 (7th Cir. 2022) (quoting *Davila v. Davis*, 582 U.S. 521 527 (2017) (alterations in original)). For this bar to apply, the state court must

---

[1] Respondent also briefly argues that grounds two and four of Virgil's habeas petition "do not appear to be exhausted." (ECF No. 19 at 4.) But Respondent elects not to develop this argument and the Court will not do so for her. *See Trentadue v. Redmon*, 619 F.3d 648, 654 (7th Cir. 2010) ("[U]nderdeveloped arguments are considered waived.") (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)).

"clearly and expressly" rely on a state ground in reaching its decision. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (quoting *Harris v. Reed*, 489 U.S. 255, 266 (1989)). If the state court decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law," however, procedural default does not apply. *Id.* (quoting *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983)). In determining procedural default, a federal court reviews "the decision of the last state court to which the petitioner presented his federal claims." *Id.* In this case, that was the Wisconsin Court of Appeals.

In Wisconsin, ineffective assistance of trial counsel claims must be pursued in a postconviction motion under Wis. Stat. § 974.02 as part of the direct appeal. *Lee-Kendrick v. Eckstein*, 38 F.4th 581, 586 (7th Cir. 2022). A Wisconsin court may not grant relief on such a claim without holding a hearing—known as a *Machner* hearing—at which trial counsel testifies. *See State v. Machner*, 285 N.W.2d 905, 908–09 (Wis. Ct. App. 1979). But a defendant is only entitled to a *Machner* hearing if he "provide[s] sufficient material facts—*e.g.*, who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks." *State v. Allen*, 682 N.W.2d 433, 446 (Wis. 2004). The Wisconsin Supreme Court recently reiterated the requirements of the *Allen* rule in *State v. Ruffin*: "If the motion does not raise facts sufficient to entitle the defendant to relief, or if it presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." 974 N.W.2d 432, 438 (Wis. 2022). The Seventh Circuit has confirmed that the *Allen* rule is an adequate and independent state law ground for the purposes of procedural default. *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014) ("[T]he *Allen* rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate.") (collecting cases).

Respondent argues that the Wisconsin Court of Appeals rejected Virgil's ineffective assistance claims based on the *Allen* rule, rendering them procedurally defaulted. (ECF No. 19 at 2–6.) Respondent concedes, however, that the court of appeals did not explicitly rely on the *Allen* rule and instead claims "the circumstances make clear this was an *Allen* ruling." (*Id.* at 5.) Respondent contends that the court of appeals *implicitly* relied upon *Allen* because the circuit court denied Virgil a hearing and, under Respondent's view of Wisconsin law, whenever a hearing is denied at the trial court level, "the *Allen* question is the only matter before the court on appeal." (*Id.* at 5.)

Respondent's argument is inconsistent with the federal procedural default standard. For procedural default to apply to bar consideration of a federal claim on habeas review, the state court must "'*clearly and expressly*' state that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263 (emphasis added) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). Here, the Wisconsin Court of Appeals did not clearly and expressly rely on *Allen* or any other state procedural bar in denying Virgil's claims. It did not cite *Allen* (or *Machner*, for that matter). By definition, a ruling by implication is not one that is clear and express. The federal requirement that the state court clearly and expressly rely upon a state procedural bar cannot be satisfied by mere implication. Indeed, the state court of appeals began its analysis of Virgil's claims by citing to *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and laying out the federal standard for ineffective assistance of counsel. (ECF No. 13-3 at 5.) The court then analyzed each of Virgil's ineffective assistance claims, ultimately concluding that each failed because "[trial] counsel was not deficient." (*Id.* at 6–8.) Because the court of appeals' decision rests on its analysis of federal law, not any state procedural ruling, procedural default does not apply. *See Coleman*, 501 U.S. at 735.

Respondent attempts to evade this conclusion by arguing that, because the trial court rejected Virgil's claims without a hearing, "the *Allen* question was the only one the court had the power to address." (ECF No. 19 at 5.) Respondent cites *Whyte* and *Woods v. Schwartz*, 589 F.3d 368 (7th Cir. 2009), but neither case holds that procedural default can be found by implication. In *Whyte*, the Seventh Circuit noted that the Wisconsin Court of Appeals had explicitly relied on *Allen* in denying the petitioner's ineffective assistance of counsel claim. 34 F.4th at 625; *see also State v. Whyte*, No. 2013AP1272, 2015 WL 2192808, at *2 (Wis. Ct. App. May 12, 2015). That case did not involve procedural default by implication. At most, *Whyte* confirms that a state court's consideration of the merits of an ineffective assistance claim does not preclude procedural default based on the *Allen* rule. It does not suggest that a state court rests its decision on an adequate and independent state ground when it fails entirely to clearly and expressly raise or apply that state law rule. In *Woods*, the Seventh Circuit affirmed a district court's conclusion that a habeas petitioner's ineffective assistance claims were procedurally barred. *See* 589 F.3d at 375–76. The Court of Appeals rejected the petitioner's contention that his claims were not barred because the state court must have based its decision on federal law. *Id*. While acknowledging that the face of the state court's order made it "unclear on what basis the state court disposed of a claim," the Seventh

Circuit analyzed the entire context of the state court ruling and concluded the state appellate court had "summarily applied the state-law doctrine of waiver" to dispose of the petitioner's claims, rendering them procedurally defaulted. *Id*. at 376. That is not the case here. In rejecting Virgil's appeal, the Wisconsin Court of Appeals explicitly invoked federal law in denying Virgil's ineffective assistance of counsel claims. There is no ambiguity in the state court's order. Accordingly, Virgil's ineffective assistance of counsel claims are not procedurally defaulted.

## CONCLUSION

As discussed above, Virgil's ineffective assistance of counsel claims are not procedurally defaulted because the Wisconsin Court of Appeals did not clearly and expressly rely on an independent and adequate state ground to deny them. Accordingly, Respondent's motion for judgment on the pleadings is denied.

**IT IS HEREBY ORDERED** that Respondent's Motion for Judgment on the Pleadings, ECF No. 18, is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner shall have **45 days** from the date of this Order within which to file his brief in support of his petition. Respondent shall have **45 days** following the filing of Petitioner's initial brief within which to file a brief in opposition. Petitioner shall have **30 days** following the filing of Respondent's opposition brief within which to file an optional reply brief.

Dated at Milwaukee, Wisconsin on August 22, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge